IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA HOLMES[1] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO.  19-5956 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                    March 29, 2021

Natasha Holmes ("Plaintiff") seeks review of the Commissioner's decision

denying her claims for disability insurance benefits ("DIB") and supplemental security

income ("SSI").  For the following reasons, I will grant the Commissioner's uncontested

motion for remand and remand this matter for further proceedings.

**I.      PROCEDURAL HISTORY**

Plaintiff was born on October 8, 1979, and applied for DIB on September 13,

2016, and SSI on September 30, 2016, alleging disability as of April 15, 2016, due to

mental stress, left breast carcinoma, neuropathy in both legs and back, and a new mass on

right breast not yet diagnosed.  Tr. at 124, 125, 233, 239, 276.[2]  After her claim was

---

[1]The Complaint mistakenly identified Plaintiff's name as Natasha Homes.  Doc. 1.
Throughout the administrative record and in Plaintiff's brief, she is identified as Natasha
Holmes.  Docs. 8 & 21.  I have therefore corrected the caption to reflect the proper
spelling of Plaintiff's name.

[2]In the original applications Plaintiff claimed an alleged onset date of October 1,
2016, and filed an amendment to the applications on October 18, 2016, alleging an onset
date of April 15, 2016.  Tr. at 233, 237, 239.

denied initially, id. at 126-30, 131-35, she requested a hearing before an ALJ, id. at 142, which took place on December 6, 2018. Id. at 49-85.[3] On March 25, 2019, the ALJ denied Plaintiff's claim. Id. at 18-30. On October 31, 2019, the Appeals Council denied Plaintiff's request for review, id. at 1-4, making the ALJ's March 25, 2019 decision the final decision of the Commissioner. 20 C.F.R. §§ 404.1572, 416.472.

Plaintiff initiated this action by filing her complaint on December 18, 2019. Doc. 1. In response to Plaintiff's brief in support of her request for review (Doc. 21), the Commissioner filed an uncontested motion for remand in order to further evaluate Plaintiff's claims, give Plaintiff the opportunity for a new hearing, and issue a new decision. Doc. 22 ¶ 3.[4]

## II.   DISCUSSION

Plaintiff challenges the merits of the ALJ's decision and the Appeals Council's failure to properly consider evidence provided after the ALJ's decision. Because remand is uncontested, I will comment only briefly on Plaintiff's challenge.

Review of the record reveals that Plaintiff has a history of left breast carcinoma for which she underwent a mastectomy and lymph dissection on July 28, 2016, breast reconstruction, and chemotherapy. Tr. at 362-63, 372-73, 448-50, 452-53, 509-10. Five

---

[3]The hearing was originally scheduled for July 26, 2018. However, the hearing was deferred because no Vocational Expert was present at the original hearing. Tr. at 94-98.

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 7.

months after surgery, she reported significant pain and fatigue to her oncologist.  Id. at 401-04.

In her decision, the ALJ acknowledged Plaintiff's surgery and subsequent treatment, but indicated that Plaintiff "tolerated [her surgery and treatment] well and without complications."  Tr. at 25 (citing id. at 359-98, 401-451, 454-503, 538-603, 605-43).  The ALJ found that Plaintiff was limited to light work with additional physical limitations including:  no overhead reaching with her left arm; no climbing ladders, ropes, or scaffolds; frequent but not constant reaching in other directions, handling, fingering and feeling with the left arm/hand; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs.  Id. at 24.  The ALJ stated that that no doctor indicated that Plaintiff had limitations greater than those listed above.  Id. 26.

After the ALJ's decision, Plaintiff provided additional medical records to the Appeals Council.  These documented treatment for the period prior to the ALJ's decision, including physical therapy treatment notes beginning on December 7, 2018, for complaints of pain, spasm, and numbness in her left breast and arm.  Tr. at 36.  On examination, Plaintiff exhibited reduced strength and range of motion of her left arm.  Id. at 37.  The therapy notes submitted evidence increased range of motion through therapy, but continued complaints of pain in her left breast, shoulder, and arm.  Id. at 42-44.  The Appeals Council concluded that the evidence "[did] not show a reasonable probability that it would change the outcome of the decision."  Id. at 3.

Plaintiff also submitted additional records to the Appeals Council post-dating the ALJ's decision which included evidence of a September 27, 2019 CAT scan showing a

recurrence of her breast cancer, for which Plaintiff was to begin treatment the following week. Tr. at 8-9. The Appeals Council rejected this evidence because it did "not relate to the period at issue," prior to the ALJ's decision on March 25, 2019. Id. at 3.

In her brief, Plaintiff argues that the Appeals Council erred in failing to consider the evidence provided after the ALJ's decision and that the Vocational Expert's testimony was inconsistent with the Dictionary of Occupational Titles with respect to the reaching requirements of the jobs identified -- cashier II, mail clerk, and marker.[5] Doc. 21.

In view of the record and the Commissioner's representation that he will instruct the ALJ to further evaluate Plaintiff's claim, offer Plaintiff the opportunity for a new hearing, and issue a new decision, Doc. 22, I will grant the motion for remand.

## III.  CONCLUSION

For the foregoing reasons, I will grant the Commissioner's unopposed motion for remand.

An appropriate Order and Judgment Order follow.

---

[5]Plaintiff also notes that a subsequent application for benefits was granted, effective the day after the ALJ's decision in this case. Doc. 21 at 10-11.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA HOLMES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO.  19-5956 |

## **O R D E R**

AND NOW, this 29th day of March 2021, upon consideration of Plaintiff's brief (Doc. 21), the Commissioner's unopposed motion for remand (Doc. 22), and the administrative record (Doc. 8), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY

ELIZABETH T. HEY, U.S.M.J.